**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

STEVEN R. BERNARD                                               PLAINTIFF

        v.          Civil No. 06-3011

SIMMONS FIRST NATIONAL BANK;
RAMSAY, BRIDGEFORTH, HARRELSON,
AND STARLING, LLP; ROSALIND
M. MOUSER; JANE DOE; JOHN DOE;
ONE UP                                                          DEFENDANTS

### O R D E R

Now on this 8th day of May, 2006, come on for consideration the **Motion By Ramsay, Bridgeforth, Harrelson And Starling LLP And Rosalind M. Mouser ("The Ramsay Defendants") For More Definite Statement** (document #2) and **Motion By Simmons First National Bank For More Definite Statement** (document #5), and from said motions (to which plaintiff has made no response), and an examination of the Complaint, the Court finds and orders as follows:

    1.  Plaintiff's Complaint arises (basically) under the Fair Debt Collection Practices Act, **15 U.S.C. §1692 et seq**. The gravamen of the Complaint is the allegation that, after an arbitration had resolved a debt dispute favorably to plaintiff, Simmons continued to try to collect the debt, using the services of the Ramsay firm and Mouser.

    2.  The defendants complain of numerous puzzling references in the Complaint to acronyms of unknown origin, antiquarian legal theories, and plaintiff's "throwing the entire Fair Debt

Collections Practices Act ("FDCPA") at the wall and hoping that some of it sticks." They request that the Court direct plaintiff to replead, pursuant to **F.R.C.P. 12(e)**.

3. While the Court is sympathetic to the problems inherent in addressing confused - and confusing - statements in legal pleadings, it does not believe that repleading would cure those problems in this case. **Rule 12(e),** by its terms, is one designed to require a plaintiff to offer more details to flesh out a vague allegation, whereas here, what defendants are asking is that plaintiff be required to say less.

The Court believes that defendants can, in fact, frame responsive pleadings, although they may simply have to deny certain allegations as unintelligible. Plaintiff's multiple iterations of the same facts, and potpourri of legal theories, many of which may have no relationship to the factual allegations, do not alter the essential character of the Complaint as one arising under the FDCA.

**IT IS THEREFORE ORDERED** that the **Motion By Ramsay, Bridgeforth, Harrelson And Starling LLP And Rosalind M. Mouser ("The Ramsay Defendants") For More Definite Statement** (document #2) and **Motion By Simmons First National Bank For More Definite Statement** (document #5) are **denied,** and defendants are directed to file responsive pleadings to the Complaint of the plaintiff within twenty (20) days of the date of this Order.

**IT IS SO ORDERED.**

                                                /s/ Jimm Larry Hendren
                                           **JIMM LARRY HENDREN**
                                           **UNITED STATES DISTRICT JUDGE**